**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

PALISADE TECHNOLOGIES, LLP,

<em>Plaintiff</em>,

v.

MICRON TECHNOLOGY, INC. and
MICRON SEMICONDUCTOR
PRODUCTS, INC.

<em>Defendants</em>.

Case No. 7:24-cv-00262

**Jury Trial Demanded**

**DEFENDANTS' MOTION FOR TRANSFER
TO THE DISTRICT OF IDAHO OR, IN THE ALTERNATIVE,
THE AUSTIN DIVISION**

## <u>TABLE OF CONTENTS</u>

I.      Introduction ................................................................................................... 1

II.     Factual Background.......................................................................................... 2

III.    Legal Authorities ............................................................................................ 3

IV.     The District Of Idaho Is Clearly More Convenient......................................... 4

   A.   Venue is Proper in the District of Idaho......................................................... 4

   B.   The District of Idaho Is Clearly More Convenient Than the Western District of Texas 4

      1.   The "Cost of Attendance" Factor Heavily Favors Transfer ........................... 5

      2.   The Relative Ease of Access to Sources of Proof Favors Transfer Because Most of the Relevant Evidence Is in Boise .................................................................. 10

      3.   Boise Has a Much Greater Local Interest .................................................... 11

      4.   The Availability of Compulsory Process Favors Transfer ............................. 13

      5.   All Other Transfer Factors Are Neutral ...................................................... 13

V.      Alternatively, the Austin Division Is More Convenient Than the Midland-Odessa Division 14

VI.     Conclusion.................................................................................................... 15

       **CERTIFICATE OF SERVICE** ................................................................... 17

## **TABLE OF AUTHORITIES**

**Cases**

*Collaborative Agreements, LLC v. Adobe Sys. Inc.,*
   No. 1:14-cv-00356-LY, 2015 WL 10818739 (W.D. Tex. Aug. 21, 2015)     7

*In re Acer Am. Corp.,*
   626 F.3d 1252 (Fed. Cir. 2010)     12

*In re Apple Inc.,*
   979 F.3d 1332 (Fed. Cir. 2020)     5, 9, 12

*In re Chamber of Commerce.,*
   105 F.4th 297 (5th Cir. 2024)     11, 14

*In re Clarke,*
   94 F.4th 502 (5th Cir. 2024)     4, 11

*In re Genentech, Inc.,*
   566 F.3d 1338 (Fed. Cir. 2009)     5, 14

*In re Google LLC,*
   No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021)     11

*In re Hoffmann-La Roche Inc.,*
   587 F.3d 1333 (Fed. Cir. 2009)     12

*In re HP Inc.,*
   No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018)     13

*In re HP Inc.,*
   No. 20-140, 826 Fed. App'x. 899 (Fed. Cir. Sept. 15, 2020)     13

*In re Nintendo Co.,*
   589 F.3d 1194 (Fed. Cir. 2009)     11

*In re Radmax, Ltd.,*
   720 F.3d 285 (5th Cir. 2013)     4, 5, 12, 14

*In re Volkswagen of Am., Inc.,*
   545 F.3d 304 (5th Cir. 2008)     3, 4, 8, 9

*Mimedx Grp., Inc. v. Tex. Human Biologics, Ltd.,*
   No. 1:14-cv-464-LY, 2014 U.S. Dist. LEXIS 191022 (W.D. Tex. Aug. 11, 2014)     5

*S.M.R Innovations LTD v. Apple Inc.,*
   No. 6:23-cv-00479-ADA, 2024 WL 5410405 (W.D. Tex. Nov. 14, 2024)     5, 11

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   581 U.S. 258 (2017)      4

*Uniloc USA Inc. v. Box, Inc.*,
   No. 1:17-cv-754-LY, 2018 WL 2729202 (W.D. Tex. June 6, 2018)      13

*Universal Connectivity Techs. Inc., v. HP Inc.*,
   No. 1:23-cv-1177-RP, 2024 WL 3305724 (W.D. Tex. Jul. 3, 2024)      9

*VLSI Tech. LLC v. Intel Corp.*,
   No. 19-cv-254-ADA, 2019 U.S. Dist. LEXIS 227809 (W.D. Tex. Oct. 7, 2019)      15

*Voice Techs. Group v. VNC Sys.*,
   164 F.3d 605 (Fed. Cir. 1999)      9

**Statutes**

28 U.S.C. § 1400(b) ................................................................................................. 4

28 U.S.C. § 1404(a) ................................................................................................. 3

**Rules**

Fed. R. Civ. P. 45(c)(1)(B)(ii) ................................................................................ 13

## I.  <u>Introduction</u>

Defendants Micron Technology, Inc. and Micron Semiconductor Products, Inc. (collectively, "Micron") move for transfer to the District of Idaho.  Nothing connects this case to Midland-Odessa—not the parties, not the witnesses, and not the documents.

The products Plaintiff Palisade Technologies LLP ("Palisade") accuses of infringing its patents are designed and developed at Micron's Boise headquarters.  Neither party has any presence in Midland-Odessa.  While Micron has a small office in Austin, the gravity of the relevant sources of proof and knowledgeable witnesses is in Boise, Idaho.  All relevant transfer factors either favor transfer or are neutral, with no factor suggesting the case stay in the Western District of Texas.

The District of Idaho is the clearly more convenient venue over the Western District of Texas for most party and non-party witnesses.  Relevant party witnesses include Micron's Boise-based employees involved in the design and development of certain accused products.  For these employees and many out-of-state party and non-party witnesses, Boise is closer in distance and therefore less costly to travel to in terms of money and time, compared to the Western District of Texas.  Moreover, any potential ties to the Western District of Texas pale in comparison to Idaho.  Micron is unaware of any relevant witness or evidence located in the Midland-Odessa Division.  Boise has a significantly greater local interest in resolving the case because the events giving rise to the alleged infringement—*e.g.*, the design and development of the accused products—happened in Boise.

Boise is clearly the more convenient venue compared to the Western District of Texas.  Accordingly, under 28 U.S.C. § 1404, Micron respectfully seeks transfer to the District of Idaho.

## II.    <u>Factual Background</u>

Micron, a world leader in memory technology, started in 1978 in Boise, Idaho, and has maintained its headquarters there.  Micron employs over 5,000 employees in Idaho.  Palisade is a newly formed partnership based in Nevada, with no known ties to the Western District of Texas.  *See* ECF No. 20, ¶ 3.

Palisade filed an Amended Complaint against Micron on December 19, 2024, alleging infringement of U.S. Patent Nos. 8,148,962 ("'962 patent"); 8,996,838 ("'838 patent"); 8,327,051 ("'051 patent"); 9,281,314 ("'314 patent"); and 9,524,974 ("'974 patent").  ECF No. 20, ¶ 1; *see* Exs. 1-5.  Palisade alleges infringement by Micron products including (a) "the Micron MT6F1G64D4ZV-026 WT:B"; (b) "packages laser marked as NV046, and/or products containing the same, such as the Micron 7450 Pro"; and (c) "the Crucial X9 portable SSD."  ECF No. 20 ¶¶ 29, 49, 63, 82, 98.  The Amended Complaint alleges that Micron tests products in Austin and that Best Buy, Walmart, and Amazon.com are retailers "that sell infringing products to consumers" in the Midland-Odessa Division.  *Id.* ¶ 15.

Micron's employees knowledgeable about, and responsible for, the relevant features of the accused products are located in Boise, Idaho.  These employees include Richard Hill (Senior Director in Advanced NAND Technology), Shyam Surthi (Distinguished Member of Technical Staff in Advanced NAND Technology), Kunal Shrotri (Director of Technology Development), Jeffery Wan (IP Development Engineer), and Doug Chambers (Director of Commercial and Client SSD Product Development).  *See* Exs. 6-9, 11.  The vast majority of Micron's research and development occurs in Boise.  And Micron's development documents are generally maintained in Boise—at the location of the employees who performed the development work.  *See* Chambers Decl. ¶ 13.  Other Micron technical witnesses with knowledge about the accused products are based in California, Georgia, and Asia; while employees knowledgeable about Micron's

manufacturing operations are located in Asia.  Hill Decl. ¶ 5; Pan Decl. ¶¶ 4, 7, 9; Chambers Decl. ¶¶ 11-12.

Although Micron has two Texas sites (neither in this Division), its Texas activities pale in comparison to all the research and development at the Boise headquarters.  While there are employees based in Richardson, Texas (which is out of district) who work on DRAM products, they are not involved with the relevant features of the accused products.  Pan Decl. ¶¶ 9, 12. Similarly, a few Austin-based employees perform benchmarking tests for certain products or define Crucial product lines.  *See* Hill Decl. ¶ 14; Chambers Decl. ¶ 10.  But no development or design for the accused products happens in Austin.  In addition, no current or former Micron employees reside in this Division, nor does Micron have facilities in this Division.

## III.    <u>Legal Authorities</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...." 28 U.S.C. § 1404(a).  In determining whether transfer is appropriate, the Court must first consider "whether a civil action 'might have been brought' in the destination venue."  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (quoting § 1404(a)).  If the case could have been brought in a different forum, the Court must then weigh a number of factors to determine the relative convenience of each venue: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in]

the application of foreign law." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (internal quotation marks omitted) (citing *Volkswagen*, 545 F.3d at 315).

Plaintiff's choice of forum is not a separate factor entitled to special weight. Rather, respect for the plaintiff's choice of forum is encompassed in the movant's burden to demonstrate that the proposed transferee forum is "clearly more convenient." *Volkswagen*, 545 F.3d at 314-15. Where the movant has demonstrated "good cause"—i.e., that the relevant factors show the transferee forum is "clearly more convenient" than the original venue—the Court must order transfer. *Id.*; *see In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024).

## IV.    The District Of Idaho Is Clearly More Convenient

### A.    Venue is Proper in the District of Idaho

Venue is proper "in the judicial district where the defendant resides." 28 U.S.C. § 1400(b). A domestic corporate defendant is deemed to reside (i) in its state of incorporation, or (ii) where it alleged commits acts of infringement and has a regular and established place of business. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 265 (2017). Micron Technology is a Delaware corporation. *See* Chambers Decl. ¶ 5. Micron Semiconductor Products, Inc. was formed under the laws of Idaho and is an Idaho entity. *Id.* Micron maintains its corporate headquarters at 8000 South Federal Way, Boise, Idaho 83716. *See id.* ¶ 6. Because Micron resides in the District of Idaho, venue is proper there.

### B.    The District of Idaho Is Clearly More Convenient Than the Western District of Texas

The District of Idaho is more convenient than the Western District of Texas, with four factors favoring transfer to Boise, four being neutral, and *none* favoring the Western District of Texas. The cost of attendance for willing witnesses, the relative ease of access to sources of proof, Boise's local interest in deciding this case, and the availability of compulsory process all weigh in

4

favor of transfer. Thus, good cause warrants a transfer. *See Radmax*, 720 F.3d at 290 (requiring transfer where three factors favored transfer, five were neutral, and none favored the transferor division); *S.M.R Innovations LTD v. Apple Inc.*, No. 6:23-cv-00479-ADA, 2024 WL 5410405, at *7 (W.D. Tex. Nov. 14, 2024) (ordering transfer where three factors favored transfer, four were neutral, and one favored plaintiff's choice of venue).

### 1. The "Cost of Attendance" Factor Heavily Favors Transfer

The "single most important factor" in the transfer analysis is "the convenience for and cost of attendance of witnesses." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). This factor "considers the cost of attendance of *all* willing witnesses," including both non-party and party witnesses. *Mimedx Grp., Inc. v. Tex. Human Biologics, Ltd.*, No. 1:14-cv-464-LY, 2014 U.S. Dist. LEXIS 191022, at *5-6 (W.D. Tex. Aug. 11, 2014). In *In re Apple Inc.*, for example, the Federal Circuit held this factor favored transfer where transfer would be more convenient for party witnesses, despite the transferee venue being less convenient for some third-party witnesses. 979 F.3d 1332, 1342 (Fed. Cir. 2020). Here, this factor favors transfer because the District of Idaho is more convenient than the Western District of Texas for a vast majority of witnesses.

### a. Transfer to the District of Idaho Reduces Costs for the Relevant Micron Employees Knowledgeable About the Accused Products

A transfer to Boise would be more convenient and less costly for Micron employees knowledgeable about the relevant features of the accused products. ***First***, the '838, '314, and '974 Patents relate to configuring or manufacturing NAND memory. ECF No. 20 ¶¶ 52-54, 85-89, 101. Micron employees involved in the design, development, and implementation of 3D NAND are generally in Boise or California. Hill Decl. ¶ 5. Manufacturing of NAND products happens in Singapore. *Id.* More particularly, the technology development team—who is responsible for the research and development of 3D NAND used in the accused products—works mainly out of Boise.

5

For example, Micron employees Shyam Surthi, Richard Hill, and Kunal Shrotri spent years developing the memory structures and processes relating to the accused 3D NAND products. *Id.* ¶¶ 9-10; Surthi Decl. ¶¶ 6-7. Based on their extensive knowledge, Micron expects these employees to be witnesses as to the manufacture and structure of 3D NAND memory, which relates to the subject matter of the '838, '314, and '974 Patents. There are no in-district employees familiar with this subject matter. Although a few Texas-based employees are involved with the product engineering and workload testing of NAND products, their knowledge is not relevant to the subject matter of the '838, '314, and '974 Patents. Hill Decl. ¶ 10. Thus, Boise is more convenient for the relevant Micron witnesses.

**Second**, for the '962 Patent, the relevant technology relates to voltage regulators used in DRAM products. *See* ECF No. 20 ¶¶ 32-40. United States-based employees who are involved in the DRAM-related process development and design are primarily in Boise, while some work in Folsom, Richardson, and Atlanta. Pan Decl. ¶ 4. DRAM components are manufactured in China, Taiwan, and Japan. *Id.* Relevant here is the DRAM intellectual property (IP) development team[1] who is responsible for developing IP blocks, such as voltage regulators, used in DRAM products. Specifically, Jeffery Wan—who lives and works in Boise—is a lead IP Developer for voltage regulator blocks for the accused LPDDR5 (low-power double data rate 5th generation) products. *See id.* ¶ 9. Based on his knowledge, Micron expects to call Mr. Wan as a willing witness to testify on Micron's behalf with respect to the design and development of voltage regulators used in DRAM products.

There are no Texas-based employees familiar with the accused voltage regulator technology. The Richardson, Texas site has some employees in Micron's DRAM Engineering

---

[1] The IP development team is a technology development group, not part of the legal department.

Group.  Pan Decl. ¶ 12.  The engineers in Richardson use "IP blocks" (that were developed in Boise) as building blocks to design the memory arrays that make up a DRAM product.  *Id.* ¶ 11. As such, these engineers focus on developing the final DRAM product, not IP blocks like a voltage regulator circuit.  To the extent the Richardson-based employees are relevant, they would still have to travel over 300 miles to get to the Midland courthouse.  *See Collaborative Agreements, LLC v. Adobe Sys. Inc.,* No. 1:14-cv-00356-LY, 2015 WL 10818739, at *4 (W.D. Tex. Aug. 21, 2015) (ordering transfer and finding that when certain potential witnesses identified by the plaintiff were located within Texas, but not the Western District, those witnesses would "likely [be] equally inconvenienced by travel").  That there are a few Texas employees who worked on the accused products in some capacity (but not as they pertain to the claimed features of the asserted patents) "cannot overcome the immense inconvenience that the majority of relevant witnesses would face if this case were to be tried in Texas."  *In re TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023).

**Third**, for the '051 Patent, the accused technology relates to storage products "comprising a USB-C port."  *See* ECF No. 20 ¶ 63.  Micron employees who develop and implement Crucial products are in Meridian, Idaho (a suburb of Boise); Austin, Texas; and Hyderabad, India. Chambers Decl. ¶ 11.  Relevant here are technical employees—such as Meridian resident Doug Chambers—who work with engineers and manufacturing partners in Asia to develop Crucial storage solutions.  *Id.*  These Micron engineers work with third party vendors (based in Taiwan and with operations in Thailand) who procure the components and assemble a final product.  *Id.* ¶¶ 11, 12.  Based on his knowledge, Micron expects to call Mr. Chambers as a willing witnesses with regard to the accused Crucial product.  Micron has two Crucial Product Line Managers (PLMs) in Austin.  *Id.* ¶ 10.  These PLMs define a Crucial product's specification from inception and throughout the product's technical implementation.  *Id.*  To the extent information about the

initial specification and subsequent product definition decisions is relevant, Micron expects to call Jonathan Weech (Senior Director of Product Marketing and Management in the Commercial Products Group), who directs the marketing strategy of Micron's consumer storage products, and to whom the PLMs report. *Id.* Mr. Weech is a willing witness and lives in the Boise area. *See* Ex. 27.

**Finally**, Micron has no relevant current or past employees in Midland or Odessa. Chambers Decl. ¶ 15. "When the distance between an existing venue for trial ... and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to the witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen*, 545 F.3d at 315. Boise would be more convenient for the vast majority of potential witnesses. A transfer minimizes monetary cost and "personal costs associated with being away from work, family, and community." *Id.* at 317. A vast majority of Micron employees involved in the design, development, and manufacture of the relevant features of accused products would save significant time and costs if the case is transferred to Boise:

| Distance from Micron Site to Venue (*see* Ex. 20) | | |
|---|---|---|
| **Micron Site** | **Midland, Texas (miles)** | **Boise, Idaho (miles)** |
| Boise, ID | 1104.277 | 6.615 |
| Meridian, ID | 1115.450 | 7.863 |
| Folsom, CA | 1168.219 | 427.565 |
| San Jose, CA | 1182.333 | 526.088 |
| Atlanta, GA | 1032.099 | 1831.134 |
| Hyderabad, India | 9024.166 | 8120.253 |
| Taipei, Taiwan | 7554.205 | 6444.835 |
| Hiroshima, Japan | 6640.753 | 5531.975 |
| Singapore | 9578.799 | 8469.054 |

In addition, Boise is closer in distance than Midland for Palisade party witnesses. Palisade was incorporated in Nevada in July 2024, and then acquired and asserted its patents a few months later. *See* Exs. 18, 21. Based off its address in Gardnerville, Nevada, a Palisade party witness

would only have to travel about 375 miles to reach Boise versus 1,100 miles to reach Midland. *See* Ex. 22.  Palisade has not identified any party witnesses who reside in Texas.

Because "the factor of inconvenience to the witnesses increases in direct relationship to the additional distance to be traveled," these party witnesses would find travel to Boise more convenient than to Midland.  *TikTok, Inc.*, 85 F.4th at 361 (quoting *Volkswagen*, 545 F.3d at 317). Therefore, party witness convenience strongly favors transfer.  *See Apple*, 979 F.3d at 1342 (holding that where relevant party witnesses reside in the transferee venue, the cost of attendance factor favors transfer).

### b.     Boise Is More Convenient for Most Third-Party Witnesses

Third-party witnesses, such as the named inventors of the asserted patents and the previous assignees of these patents, are closer to Boise than they are to Midland.  First, the inventors of the asserted patents can testify as to "what was intended to be conveyed by the specification and covered by the claims" of the asserted patents, as well as to "the problems that existed at the time the invention was made and the inventor's solution to these problems."  *See Voice Techs. Group v. VNC Sys., Inc.,* 164 F.3d 605, 615 (Fed. Cir. 1999).  The named inventors appear to reside outside of Texas—nine inventors in Japan, four inventors in California, one in Washington, and one in Israel.[2]  Ex. 19.  The table below shows that Boise is closer in distance for each inventor's location.

| Distance from Inventor Location to Venue (*see* Ex. 23) | | |
|---|---|---|
| Inventor Location | Midland, Texas (miles) | Boise, Idaho (miles) |
| Tel Aviv, Israel | 7192.146 | 6896.891 |
| San Francisco, CA | 1217.224 | 518.727 |
| San Jose, CA | 1182.333 | 526.088 |

---

[2] The inventors' locations are based on the "location identified on the face of the [] patent, ... the LinkedIn profiles of the inventors, and the location of the company that developed the patents." *Universal Connectivity Techs. Inc., v. HP Inc.*, No. 1:23-cv-1177-RP, 2024 WL 3305724, at *3 (W.D. Tex. Jul. 3, 2024).

| San Ramon, CA | 1218.427 | 523.965 |
|---|---|---|
| Seattle, WA | 1515.210 | 405.709 |
| Yokkaichi, Japan | 6445.579 | 5339.592 |
| Nagoya, Japan | 6424.550 | 5318.611 |
| Kuwana, Japan | 6438.301 | 5332.250 |

Second, the asserted patents were originally filed by and assigned to SanDisk—e.g., SanDisk Technologies, Inc. in Plano, Texas, and SanDisk IL Ltd. in Kfar Saba, Israel. *See* Exs. 1–5. In 2016, SanDisk was acquired by Western Digital, a company headquartered in San Jose, California, with operations in California, Europe, Asia, and Africa. *See* Exs. 16, 17. There does not appear to be any SanDisk or Western Digital facility in Texas today. *See* Ex. 17. In August 2024, Western Digital sold the asserted patents to Palisade. Ex. 18. Western Digital employees (presumably in the San Jose headquarters) would have relevant knowledge regarding the price paid for the asserted patents, and whether Western Digital complied with the marking requirement of 35 U.S.C. § 287(a). Western Digital employees may also testify as to licensing terms for the asserted patents, if any. As explained above, San Jose is closer to Boise than it is to Midland.

At bottom, the vast majority of relevant party and nonparty witnesses would benefit from a transfer to Boise. Nearly all the witnesses residing outside of Texas are closer in distance to the Boise courthouse than the Midland courthouse. Although Micron has some presence in Texas, its employees who are knowledgeable about the pertinent features of the accused products are based in Boise. Micron is not aware of any relevant witnesses in the Midland-Odessa Division. Thus, the convenience-of-witnesses factor heavily favors transfer.

> **2.      The Relative Ease of Access to Sources of Proof Favors Transfer Because Most of the Relevant Evidence Is in Boise**

It will be easier to access sources of proof in Boise than in the Western District of Texas. Where electronic documents are easily accessible in either forum, "it is an error to conclude this factor is neutral." *See S.M.R Innovations*, 2024 WL 5410405, at *3. Indeed, for this factor the

Court still "consider[s] the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval." *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (applying Fifth Circuit law).

Micron employees who designed and developed the accused products likely have relevant documents stemming from their work. *See* Chambers Decl. ¶13. Indeed, between the two venues, more relevant Micron documents (and their custodians) are located in Boise, where the relevant features of the accused products were researched and developed.[3] In contrast, any relevant Micron documents located in Austin would be limited to product line management and benchmark testing. And, Micron is currently unaware of any relevant documents in the Midland-Odessa Division. *Id.* ¶16. Therefore, this factor favors transfer given that it will be relatively easier to access evidence in Boise compared to the Western District of Texas.

### 3.    Boise Has a Much Greater Local Interest

The local interest factor focuses on the events that gave rise to the lawsuit, rather than merely the location of the parties. *Clarke*, 94 F.4th at 511 ("We focus on the *events*—not the parties."); *In re Chamber of Commerce.*, 105 F.4th 297, 308-09 (5th Cir. 2024). This factor "most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'" *Apple*, 979 F.3d at 1345 (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)).

---

[3] That some engineering, manufacturing, and testing of the accused products occurred in California or Asia does not weigh against transfer. *See In re Juniper Networks, Inc.*, 14 F.4th 1313, 1321 (Fed. Cir. 2021).

Boise has a greater local interest than the Western District of Texas. In *Apple*, the transferee venue had "significant connections" to the events giving rise to the suit because "the accused products were designed, developed, and tested in" the transferee venue. *Id.* at 1345. Likewise because most of the accused products were designed and developed in Boise, Boise has significant connections to the alleged acts of infringement. *See also Defense Distributed v. Bruck*, 30 F.4th 414, 434 n.25 (5th Cir. 2022) (local-interest factor favored a Texas venue where "research, design, development, manufacturing, and publishing, occurred in and around Austin."); *see In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

Further, in *Neo Wireless*, this District held that the local-interest factor favored transfer because the "case could call into question the work and reputation of several individuals who work in the community." *Neo Wireless, LLC v. Dell Techs. Inc.*, No. 6:21-cv-24-ADA, 2022 U.S. Dist. LEXIS 238095, at *17 (W.D. Tex. Jan. 20, 2022). Likewise, the instant case questions the work and reputation of Micron employees—primarily those in Boise. In contrast, the Western District of Texas has a smaller local interest. First, the Midland-Odessa Division has no local interest and is merely the plaintiff's selected forum.[4] *See Radmax*, 720 F.3d at 289. And, as explained above, the small number of Austin-based employees are less involved with the design and development of the accused products.

Because "more of the events giving rise to this suit appear to have occurred" in Boise than in the Western District of Texas, the local-interest factor favors transfer to Boise. *In re HP Inc.*, No. 20-140, 826 Fed. App'x. 899, 901 (Fed. Cir. 2020).

---

[4] The Complaint alleges that some accused products, which are sold nationwide, are available for sale at Best Buy and Walmart in the Midland-Odessa Division, hoping to tie the suit to the Midland-Odessa Division. Such an attempt is futile because "sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *Hoffmann-La Roche*, 587 F.3d at 1338.

### 4.    The Availability of Compulsory Process Favors Transfer

This factor, which considers the availability of compulsory process of relevant third-party witnesses, slightly favors transfer.  "The focus of this factor is not whether a witness may become an unwilling witness, or whether a court may need to invoke its subpoena power; rather, the focus is on the availability of process to secure attendance of a witness if need be."  *Uniloc USA Inc. v. Box, Inc.*, No. 1:17-cv-754-LY, 2018 WL 2729202, at *3 (W.D. Tex. June 6, 2018) (that Northern California had subpoena power over "former employees … who designed and developed the accused product" favored transfer).  This Court may not enforce a subpoena on a non-party witness outside the state of Texas.  *See id.*; Fed. R. Civ. P. 45(c)(1).

Here, former Micron employees—such as Boise resident Lars Heineck—were extensively involved with the development of the relevant features of the accused 3D NAND products.  *See* Hill Decl. ¶ 10; Ex. 15.  As a former Micron employee, Mr. Heineck is presumed to be an unwilling witness.  *See In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018) ("[E]ven the Eastern District of Texas's own cases have held that, when there is no indication that a non-party witness is willing, the witness is *presumed* to be unwilling and considered under the compulsory process factor.").  Micron cannot require Mr. Heineck to testify without a subpoena.  Because Mr. Heineck resides in Boise, however, the District of Idaho courts have subpoena power in the event Mr. Heineck is unwilling to testify.  Therefore this factor slightly favors transfer.

### 5.    All Other Transfer Factors Are Neutral

The remaining § 1404(a) factors are "other practical problems," "the administrative difficulties flowing from court congestion," "the familiarity of the forum with the law that will govern the case," and "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."  All of those factors are neutral.

The practical-problems factor considers facts that affect a case's ease, speed, and expense. This factor is neutral because there is no co-pending litigation, which is a fact often evaluated under the practical-problems factor. *See Neo Wireless*, 2022 U.S. Dist. LEXIS 238095, at *13 (duplicative suits may weigh against transfer). Transferring the case to Idaho would not result in any meaningful delay. *See Radmax*, 720 F.3d at 289 ("[G]arden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer.").

Nor does the court-congestion factor favor transfer. This court should give this factor little to no weight because Palisade does not engage in competition with Micron. *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023). And even if the court-congestion factor favored transfer, it cannot outweigh the other transfer factors. *See Genentech*, 566 F.3d at 1347 ("[W]hen, as here, several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors.").

Finally, both Divisions are familiar with and equally capable of applying patent laws, and Micron is unaware of any issues related to conflicts of laws or the application of foreign law.

Because a vast majority of witnesses and evidence is in Boise, a transfer from the Western District of Texas to the District of Idaho will result in a "significant" "gain in convenience" that "will actually materialize in the transferee venue." *Chamber of Commerce*, 105 F.4th at 304. Therefore, there is good cause for transfer to the District of Idaho.

## V.    Alternatively, the Austin Division Is More Convenient Than the Midland-Odessa Division

If the Court does not transfer the case to Idaho, an intra-district transfer to the Austin Division is appropriate. "The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another." *Radmax*, 720 F.3d at 288. First, any minimal connections that this case has to the Western District of Texas are in Austin—not

Midland-Odessa.  Although Micron has a small number of employees based in Austin, it has *zero* in Midland-Odessa.  Chambers Decl. ¶15.  Relative to the Midland courthouse, the Austin courthouse is closer in distance for Micron's Texas-based employees.  *See* Ex. 24 (15.2 miles between Micron's Austin site and the Austin courthouse); Ex. 25 (280.2 miles between Micron's Austin site and the Midland courthouse); Ex. 26 (196.124 miles between Richardson and Austin); Ex. 13 (319.17 miles between Richardson and Midland).  Second, Micron has an Austin facility with some relevant documents and custodians, but none in this Division.  Chambers Decl. ¶¶13, 16.  Thus, it is easier to access Micron's documents from Austin.  *See VLSI Tech. LLC v. Intel Corp.*, No. 19-cv-254-ADA, 2019 U.S. Dist. LEXIS 227809, at *9 (W.D. Tex. Oct. 7, 2019) ("[G]iven that Intel has a campus in Austin, but not in Waco, it is easier to access Intel's electronic documents from Austin than from Waco.").  Third, if trial were to be held in Austin, Micron's Boise employees could use its Austin site, which offers "seamless hosting" and connectivity to Micron's internal network, to somewhat reduce the inconvenience of being away from their work. Chambers Decl. ¶14.  Micron's Austin site is plainly more convenient for Micron's numerous out-of-town employees.

Accordingly, the Austin Division is a more convenient venue than the Midland-Odessa Division.

## VI.    <u>Conclusion</u>

Boise is clearly more convenient than the Western District of Texas because four of the transfer factors favor Boise, and the remaining four factors are neutral.  Thus, Micron respectfully requests that the Court transfer this suit to Boise, or in the alternative, the Austin Division.

Dated:  May 1, 2025                           Respectfully submitted,

                                              */s/ John Kappos*
                                              _____

                                              **O'MELVENY & MYERS LLP**
                                              John Kappos (TX #24130097)
                                              jkappos@omm.com
                                              Timothy S. Durst (TX #00786924)
                                              tdurst@omm.com
                                              2501 North Harwood Street, Suite 1600
                                              Dallas, TX 75201
                                              Telephone: (972) 360-1900
                                              Facsimile: (972) 360-1901

                                              Xin-Yi Zhou (TX #24127916)
                                              vzhou@omm.com
                                              400 South Hope Street, Suite 1900
                                              Los Angeles, CA 90071
                                              Telephone: (213) 430-6000
                                              Facsimile: (213) 430-6407

                                              Brad Berg (admitted *pro hac vice*)
                                              bmberg@omm.com
                                              610 Newport Center Drive, 17th Floor
                                              Newport Beach, CA 92660
                                              Telephone: (949) 823-6900
                                              Facsimile: (949) 823-6994

                                              Khanh Leon (TX #24120972)
                                              kleon@omm.com
                                              Patric Reinbold (admitted *pro hac vice*)
                                              preinbold@omm.com
                                              1625 Eye Street, NW
                                              Washington, DC 20006
                                              Telephone: (202) 383-5300
                                              Facsimile: (202) 383-5414

                                              **SLAYDEN GRUBERT BEARD PLLC**
                                              Darryl J. Adams (TX #00796101)
                                              dadams@sgbfirm.com
                                              401 Congress Avenue, Suite 1650
                                              Austin, Texas 78701
                                              Telephone: (512) 402-3562
                                              Facsimile: (512) 402-6865

                                              ***Attorneys for Defendants Micron Technology, Inc.***
                                              ***and Micron Semiconductor Products, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 1, 2025.  Any other counsel of record will be served by facsimile transmission, e-mail and/or first class mail.

*/s/ John Kappos*