IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **PALISADE TECHNOLOGIES, LLP,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CASE NO. 7:24-CV-00262-DC-DTG |
| § | |
| **MICRON TECHNOLOGY, INC.,** § | |
| **MICRON SEMICONDUCTOR** § | |
| **PRODUCTS, INC. and MICRON** § | |
| **TECHNOLOGY TEXAS LLC** § | |
| § | |
| *Defendants,* § | |

**REPORT & RECOMMENDATION TO GRANT-IN-PART
THE DEFENDANTS' MOTION TO DISMISS (DKT. NO. 24)**

**TO:   THE HONORABLE DAVID COUNTS,
         UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the defendants, Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC's motion to dismiss (Dkt. No. 24). The motion is fully briefed, and the Court finds that a hearing is unnecessary. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the defendants' motion to dismiss be **GRANTED-IN-PART and DENIED-IN-PART**.

**I.   BACKGROUND**

The plaintiff, Palisade Technologies, LLP, asserts that the defendants, Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC,

directly, willfully, and indirectly (through inducement) infringe five patents owned by the plaintiff.[1] Dkt. No. 20. The defendants filed a Rule 12(b)(6) motion to dismiss the (1) direct infringement of the '962 patent, (2) pre-suit and post-suit willful infringement, and (3) pre-suit and post-suit induced infringement claims alleged in the first amended complaint. Dkt. No. 24. The plaintiff argues that its first amended complaint meets the pleading standard, but requests leave to file its proposed second amended complaint (Dkt. No. 35) if the Court finds that "additional detail is necessary to state a claim for direct infringement of the '962 Patent or inducement." Dkt. No. 28 at 17–18.

## II. ANALYSIS

The defendants' motion is governed by Rule 12 of the Federal Rules of Civil Procedure. When considering a motion to dismiss under Rule 12(b)(6), the Court assumes that the facts alleged in the complaint are true, then asks whether those facts allege a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 667–84 (2009). The Court views all well-pleaded facts in the light most favorable to the plaintiff, but disregards bare conclusory allegations. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

The defendants argue that the Court should dismiss the claims for (1) direct infringement of the '962 patent, (2) pre-suit and post-suit willful infringement, and (3) pre-suit and post-suit induced infringement because the allegations in the first amended complaint are insufficient at the pleading stage. Dkt. No. 24. In the context of direct patent infringement, the plaintiff's allegations must give the defendants notice of what activity is being accused of infringement.

---

[1] The asserted patents are United States Patent Nos. 8,148,962; 8,996,838; 8,327,051; 9,281,314; and 9,524,974. Dkt. No. ¶ 1.

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). To state a claim for willful infringement, the plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Elecs. Inc. v. Pulse Elecs. Inc.*, 579 U.S. 93, 105 (2016). For an allegation of induced infringement to survive a motion to dismiss, the plaintiff must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement. *Lifetime Indus.*, 869 F.3d at 1379 (citation omitted).

**A. The first amended complaint fails to state a claim for direct infringement of the '962 patent.**

The defendants argue that the first amended complaint merely parrots the language of the '962 patent without identifying what components of the accused products are alleged to meet each claim element.[2] Dkt. No. 24 at 7. The plaintiff contends that the technology involved is complex, requiring less detailed pleadings at the motion to dismiss stage. Dkt. No. 28 at 7–8 (citing *Bot M8 LLC v. Sony Corp. of Am., Inc.*, 4 F.4th 1342, 1353). The Court disagrees. While the plaintiff correctly notes that the Court's analysis of the pleadings is a context specific task, complex technologies often require more detailed allegations, whereas simpler technologies may require less detail. *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, 697 F. Supp. 3d 635, 642 (E.D. Tex. 2023) ("*Arigna III*") (citing *Disc. Disease Sols. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018)).

The Court finds that the first amended complaint fails to state a claim for direct infringement of the '962 patent. The first amended complaint identifies the asserted patent and

---

[2] The defendants do not argue that the first amended complaint fails to state a claim for direct infringement of the other four asserted patents.

describes the elements of a representative claim. Dkt. No. 20 ¶ 30–32. The live complaint identifies the technology covered by the patent as a "transient load regulator." *Id.* ¶ 18. The plaintiff also identifies with particularity an accused product alleged to infringe the '962 patent— the Micron MT62F1G64D4ZV-026 WT:B. *Id.* ¶ 29. The plaintiff then identifies how the defendants infringe by making, using, selling, offering to sell, or importing products, such as the defendants' dynamic random-access memory. *Id.*

While the first amended complaint generally alleges that the defendants' DRAM, which comprises a voltage regulator, performs the functions covered by the '962 patent, the plaintiff does not map the claim elements to any specific feature of the accused products. *See Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:17-CV-00172-JRG, 2022 WL 610796, at *3 (E.D. Tex. Jan. 24, 2022) ("*Arigna II*") (explaining that a complaint identifying a particular feature from a particular product that allegedly infringed a particular claim gave the defendant fair notice of the direct infringement claim). By way of example, however, the proposed second amended complaint identifies a particular feature (the Micron MT62F2G64D8CL 128 Gbit LPDDR5 DRAM) from a particular product (Micron MT62F1G64D4ZV-026 WT:B) that allegedly infringes a particular claim (claim 1 of the '962 patent). Dkt. No. 35 ¶ 32. The Court believes that the first amended complaint falls short and that the best course of action is to grant the plaintiff's alternative request for leave to file its second amended complaint (Dkt. No. 35). It is **RECOMMENDED** that the defendants' motion be **GRANTED** as to the direct infringement claims of the '962 patent and that the plaintiff's requested alternative relief be **GRANTED** and the Plaintiff's Second Amended Complaint be filed and made the plaintiff's live pleading.

**B. The Court should dismiss the plaintiff's pre-suit willful infringement claim.**

The Court will consider the plaintiff's pre-suit and post-suit infringement claims in turn. The Court declines the plaintiff's request to group its pre-suit and post-suit willful infringement analysis together because the plaintiff has cited no authority holding that doing so is improper. *See* Dkt. No. 28 at 8–10. While the plaintiff correctly points out that whether an act is willful must be inferred from all the circumstances, the Court must analyze whether the plaintiff sufficiently alleges that the defendants knew of the patent-in-suit. *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 20-CV-876, 2021 WL 3931910, at *5 (W.D. Tex. Sep. 1, 2021) (requiring the plaintiff to show among other things that the defendant knew of the patent-in-suit to state a claim for willful infringement). To do so, the Court considers when the plaintiff alleges that the defendants had knowledge of the asserted patents.

The Court finds that the plaintiff fails to plead sufficient facts that would support an allegation of pre-suit knowledge of the patents. The plaintiff alleges that the defendants had knowledge of the '838 patent as early as June 7, 2017, when a U.S. Patent and Trademark Office examiner cited the '838 patent against the defendants' U.S. Patent Application No. 15/381,432, but no later than August 28, 2018, when the patent application issued. Dkt. No. 20 ¶ 56. The defendants argue that the plaintiff's reliance on an examiner's citation of the patent during prosecution of one of the defendants' unrelated patents is insufficient to establish pre-suit knowledge. Dkt. No. 24 at 10. The Court agrees.

This Court has found that the citation of an asserted patent by an examiner during prosecution of an eventually issued patent is insufficient to show pre-suit knowledge of the asserted patent at the pleading stage. *See, e.g., RFCyber Corp. v. Apple Inc.*, No. 6:21-CV-00916-ADA, 2022 WL 22891200, at *2 (W.D. Tex. Sept. 12, 2022). In *RFCyber Corp.*, the Court found

the fact that two of the asserted patents were cited during prosecution of Apple's unrelated patents was insufficient to support an allegation of pre-suit knowledge. *Id.* The Court therefore finds that the plaintiff's allegation that the '838 patent was cited by an examiner during the prosecution of the defendants' unrelated patent is not sufficient to support an allegation of pre-suit knowledge. It is **RECOMMENDED** that the defendants' motion be **GRANTED** as to pre-suit willful infringement.

C. **The plaintiff sufficiently states a claim for post-suit willful infringement.**

The Court finds that the plaintiff states a claim for post-suit willful infringement. The plaintiff is not required to demonstrate egregious conduct at the pleading stage. *Arigna II*, 2022 WL 610796, at \*6; *Textile Comput. Sys., Inc. v. Broadway Nat'l Bank*, 620 F. Supp. 3d 557, 568 (W.D. Tex. 2022) (noting that this Court does not require a showing of egregious infringement at the pleading stage). The plaintiff's complaint adequately stated a claim for direct infringement of all but the '962 patent. Thus, when viewing the allegations in a light most favorable to the plaintiff, service of the complaint establishes the notice required for a plausible inference of willfulness. *See BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 778 (W.D. Tex. 2022) ("Serving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct."). The undersigned therefore **RECOMMENDS** that the Court **DENY** the defendants' motion to dismiss the post-suit willful infringement claims.

D. **The Court should dismiss the plaintiff's pre-suit inducement claim.**

A claim for pre-suit inducement requires the plaintiff to plead that the defendants knew the direct infringers' acts constituted infringement of the asserted patent before this lawsuit. *See BillJCo, LLC*, 538 F. Supp. 3d at 777 (dismissing a pre-suit inducement claim where the plaintiff failed to allege pre-suit knowledge of the asserted patents). The plaintiff's pre-suit inducement

claim, like its pre-suit willful infringement claim, is based on the defendants' alleged pre-suit knowledge of the '838 patent. Dkt. No. 20 ¶ 56. The plaintiff's pre-suit inducement claim therefore fails for the same reasons its pre-suit willful infringement claim fails. It is **RECOMMENDED** that the defendants' motion be **GRANTED** as to pre-suit induced infringement.

### E.  The plaintiff sufficiently states a claim for post-suit inducement.

Unlike pre-suit knowledge, for the reasons explained above, the Court finds that the defendants had post-suit knowledge of the patents-in-suit. The plaintiff alleges that the defendants induced (1) their subsidiaries—Micron Semiconductor Asia PTE and Micron Technology Taiwan Inc.—and (2) their customers to infringe some or all the asserted patents. First, the plaintiff alleges that the defendants induced Micron Semiconductor Asia PTE and Micron Technology Taiwan Inc. to infringe the asserted patents by importing infringing products. Dkt. No. 20 ¶¶ 42, 56, 75, 91, 103. The defendants argue that their subsidiaries import products, which the plaintiff alleges infringes the asserted patents, as part of the defendants' general business operation. Dkt. No. 30 at 7–8. The defendants argue that the Court cannot reasonably infer the defendants' specific intent to infringe the asserted patents from its general sales, marketing, and customer support activities. Dkt. No. 24 at 14; Dkt. No. 30 at 8. The Court disagrees. At the pleading stage, the Court finds it reasonable to infer the necessary intent to support a claim of induced infringement from the plaintiff's allegations that the defendants' subsidiaries continue to import the accused products after the defendants were served with the complaint. *See Maxell, Ltd. v. Coretronic Corp.*, No. 5:24-CV-00088-RWS-JBB, 2025 WL 1675347, at *18 (E.D. Tex. May 16, 2025) (holding that the plaintiff's allegation that the defendant induced its subsidiaries, sister companies, affiliates, partners, or customers to make,

use, sell, or offer to sell or import the accused products was sufficient to state a claim for inducted infringement and survive a motion to dismiss).

Second, the plaintiff alleges that the defendants induced their customers to infringe the '051 patent because the defendants instruct their customers on how to use the accused products in an allegedly infringing manner. Dkt. No. 20 ¶ 75. The defendants argue that generic allegations that the defendants provide instruction materials along with the accused products are insufficient to support a claim for inducement. Dkt. No. 30 at 9. The Court finds that the plaintiff's allegations go beyond merely showing that the defendants provide instruction materials along with the '051 accused products. The plaintiff alleges that the USB-C ports on the defendants' SSDs, including the Crucial X9 Portable SSD, infringe a representative claim of the '051 patent. Dkt. No. 20 ¶¶ 66–73. The plaintiff further alleges that the defendants' instruction on using the SSDs encourages use of the infringing component. Dkt. No. 20 ¶ 75. The plaintiff specifically alleges that the defendants supply data sheets that encourage the use of the USB port on the '051 accused products and attach the data sheet for the defendants' Crucial X9 Portable SSD. Dkt. No. 20 ¶ 75. The data sheet promotes the Crucial X9 Portable SSD as "the perfect compatible storage solution" for the customer's PC because of its easy USB-C connection that allows plug and play compatibility. Dkt. No. 1-2 at 3; Dkt. No. 28 at 16. The Crucial X9 Portable SSD also comes with a USB Type-C to Type-C USB cable. Dkt. No. 1-2 at 3; Dkt. No. 28 at 16.

Regardless of whether the USB-C port is the only way to use the '051 accused products, the allegations are sufficient to state a claim for post-suit inducement. The plaintiff adequately alleges that the defendants instruct their customers on how to use the accused products in an allegedly infringing manner by hooking the SSD up to the customer's computer through the

USB-C port. It is therefore **RECOMMENDED** that the Court **DENY** the defendants' motion to dismiss the post-suit inducement claims.

## III.  RECOMMENDATION AND ORDER

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendants' motion to dismiss be **GRANTED-IN-PART and DENIED-IN-PART** (Dkt. No. 24).

The Court **ORDERS** that the plaintiff's request for leave to file its sealed second amended complaint is **GRANTED**. The plaintiff is **ORDERED** to file a redacted copy of the sealed second amended complaint within seven (7) days of the date of this order. If a redacted copy is not timely filed, the Court may order the second amended complaint to be unsealed.

The deficiencies identified in this Report and Recommendation regarding the pre-suit willful infringement and pre-suit inducement claims apply equally to the plaintiff's second amended complaint. Having granted leave to file the plaintiff's second amended complaint, the undersigned **RECOMMENDS** that the Court dismiss the plaintiff's pre-suit willful infringement and pre-suit inducement claims without prejudice.

## IV.  OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings

and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

    **SIGNED** this 24th day of July, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE