**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| PALISADE TECHNOLOGIES, LLP, | § § § | |
| Plaintiff, | § § | CIV. A. NO. 7:24-cv-00262-DC-DTG |
| v. | § § § | |
| MICRON TECHNOLOGY, INC. AND MICRON SEMICONDUCTOR PRODUCTS, INC., | § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § § § | **FILED UNDER SEAL** |

**PLAINTIFF PALISADE TECHNOLOGIES, LLP'S RESPONSE TO DEFENDANTS'
MOTION FOR TRANSFER TO THE DISTRICT OF IDAHO OR,
<u>IN THE ALTERNATIVE, THE AUSTIN DIVISION</u>**

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................................ 1

II.     FACTUAL BACKGROUND ......................................................................................... 1

    A.      Overview of the Case ........................................................................................... 1

    B.      Defendants' Employees ........................................................................................ 2

        1.      NAND Patents ........................................................................................... 2

        2.      The Voltage Regulator Patent ................................................................... 4

        3.      The USB-C Patent ..................................................................................... 5

    C.      Other Relevant Witnesses and Sources of Proof Counsel Denying Transfer ........ 6

        1.      Inventor and Prosecuting Attorney .......................................................... 6

        2.      Prior Art Custodians ................................................................................. 7

        3.      Defendants' Customers and Partners ........................................................ 8

III.    LEGAL STANDARDS ................................................................................................. 9

IV.     ARGUMENT ............................................................................................................... 10

    A.      Defendants Have Not Shown that Palisade Could Have Brought this Case in the District of Idaho Against All Defendants. ........................................................... 10

    B.      The Transfer Factors Do Not Favor Transfer to Idaho. ...................................... 11

        1.      The cost of attendance for willing witnesses weighs against transfer. ..... 11

        2.      The ease of access to sources of proof does not favor transfer................. 13

        3.      The availability of compulsory process weighs against transfer. ............. 14

        4.      Local interest in having localized interests decided at home does not favor transfer. ..................................................................................................... 14

    C.      Defendants Have Not Shown the Austin Division Is Clearly More Convenient.. 15

V.      CONCLUSION ............................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**                                                                                                                              **Pages**

*Humble Oil & Refin. Co. v. Bell Marine Serv., Inc.*,
    321 F.2d 53 (5th Cir. 1963) .......................................................................................... 9

*Iarnach Techs. Ltd. v. Charter Commc'ns Inc.*,
    No. 2:24-CV-00230-JRG, 2025 U.S. Dist. LEXIS 26791 (E.D. Tex. Feb. 14, 2025) ........ 10, 11

*iCharts LLC v. Tableau Software, LLC*,
    No. 1:23-CV-1225-DII, 2024 U.S. Dist. LEXIS 90737 (W.D. Tex. May 21, 2024) .................. 7

*In re Acer Am. Corp.*,
    626 F.3d 1252 (Fed. Cir. 2010) .................................................................................. 7

*In re Clarke*,
    94 F.4th 502, 508 (5th Cir. 2024) .............................................................................. 10

*In re Netflix, Inc.*,
    No. 2022-110, 2022 U.S. App. LEXIS 1390, 2022 WL 167470 (Fed. Cir. Jan. 19, 2022) ........ 7

*In re Planned Parenthood Fed'n of Am., Inc.*,
    52 F.4th 625 (5th Cir. 2022) ..................................................................................... 13

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304, (5th Cir. 2008) .................................................................................... 10

*Mimedx Grp., Inc. v. Tex. Human Biologics, Ltd.*,
    No. 1:14-CV-464-LY, 2014 U.S. Dist. LEXIS 191022 (W.D. Tex. Aug. 11, 2014) ............... 11

*Monterey Rsch., LLC v. Renesas Elecs. Corp.*,
    No. 2:24-CV-00238-JRG, 2025 U.S. Dist. LEXIS 135114 (E.D. Tex. July 15, 2025) ........... 11

*Mullen Indus. LLC v. Samsung Elecs. Co.*,
    No. 2:24-cv-00049-JRG, 2025 U.S. Dist. LEXIS 54644 (E.D. Tex. Mar. 25, 2025) ............... 11

*PaSafeShare LLC v. Microsoft Corp.*,
No. 6-20-CV-00397-ADA, 2021 U.S. Dist. LEXIS 67386 (W.D. Tex. Apr. 7, 2021) ............ 10

*Quest NetTech Corp. v. Apple, Inc.*,
No. 2:19-CV-00118-JRG, 2019 U.S. Dist. LEXIS 206019 (E.D. Tex. Nov. 27, 2019) ............ 9

*Sonrai Memory Ltd.. v. Micron Tech., Inc.*,
No. W-22-CV-00855-ADA, 2023 U.S. Dist. LEXIS 231344 (W.D. Tex. Nov. 14, 2023) ...... 15

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
581 U.S. 258 (2017) ................................................................ 11

*Voice Techs. Group v. VNC Sys., Inc.*,
164 F.3d 605 (Fed. Cir. 1999) ................................................................ 6

*Webroot, Inc. v. Sophos Ltd.*,
No. W-22-CV-00243-ADA-DTG, 2024 U.S. Dist. LEXIS 236623 (W.D. Tex. Feb. 15, 2024)
................................................................ 9, 11

*WSOU Invs. LLC v. Microsoft Corp.*,
No. W-20-CV-00457-ADA, 2022 U.S. Dist. LEXIS 103057 (W.D. Tex. June 9, 2022)........... 9

**Other Authorities**

28 U.S.C. § 1400 ................................................................ 10

28 U.S.C. § 1404 ................................................................ 9

## I.    INTRODUCTION

Defendants cannot carry their high burden to show that the District of Idaho is clearly more convenient than this District. Defendants ignore fundamental requirements for transfer and overstate the significance of the alleged evidence in Idaho. Moreover, Defendants disregard the substantial number of relevant witnesses and evidence in this District. Accordingly, the Court should deny the motion to transfer, or in the alternative, transfer to the Austin Division in a manner that does not disrupt the case schedule.

## II.    FACTUAL BACKGROUND

### A.    Overview of the Case

Palisade accuses Defendants of infringing five patents. ECF 20, ¶1. Palisade's assertions are generally characterized as:

- NAND products – U.S. Patent Nos. 8,996,838; 9,281,314; and 9,524,974

- DRAM voltage regulators – U.S. Patent No. 8,148,962

- SSDs comprising a USB-C port – U.S. Patent No. 8,327,051

ECF 20, ¶¶ 29, 49, 63, 82, 98. Palisade's assertions include inducement claims for each of the five patents. ECF 20, ¶¶41-42, 55-56, 74-75, 90-91, 102-03. Palisade's assertions also include direct infringement allegations under 35 U.S.C. § 271(g) for products made by a process claimed in the '314 and '974 patents. *See* ECF 20, ¶¶84, 100.

Pursuant to the Scheduling Order, Palisade served detailed infringement contentions and Defendants served invalidity contentions for the same. ECF 38; *see also* ECF 48 (extending deadline for two patents). The parties have also begun the claim construction process, including exchanging proposed terms, constructions, and extrinsic evidence, as well as meeting and conferring to narrow the terms in dispute. *See* ECF 38 at 2. Trial is set for October 2026. *Id*. at 5.

Palisade expects that trial in this case will involve at least the following issues:

- How the accused products meet the limitations of the asserted claims;
- How the accused products are made, used, sold, offered for sale, and/or imported into the U.S.;
- ██████████████████████████████████████████████████████████
- Direct infringement by third parties, such as Defendants' customers; and
- Validity of the asserted patents, including the scope and content of the asserted prior art.

The Motion identifies a handful of witnesses from Idaho with knowledge of the accused technology that Defendants contend are likely witnesses. But as detailed in the following sections, these witnesses have little to do with the above issues and are thus not likely to testify at trial. Moreover, the Motion ignores the fact that witnesses and sources of proof in this District have significantly greater connections to the above issues.

**B.   Defendants' Employees**

Defendants identify five employees in Idaho that it contends are "knowledgeable about, and responsible for the relevant features of the accused products." ECF 41 at 2. Of these employees, three relate to the '838, '314, and '974 patents ("NAND patents"), one relates to the '962 patent ("voltage regulator patent"), and one relates to the '051 patent ("USB-C Patent").

*1.  NAND Patents*

For the NAND patents, ████████████████████████████████████



Notwithstanding how unlikely it is that Defendants will call three separate witnesses to testify about the same purported set of facts,

2

██████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████

▌ ████████████████████████

▌ ██████████████████████████████████

▌ ██████████████████████████

▌ █████████████████████████████████████
████████████

████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████

███████████████████████

████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████ Because the relevant issues in this

case are how Palisade's asserted patent claims read on the finished products and not the

"technology," each of these witnesses is of marginal utility at trial.

### 2. *The Voltage Regulator Patent*

The '962 patent relates to voltage regulators used in Defendants' DRAM products.

### 3.  *The USB-C Patent*

For the '051 patent related to the USB-C port on certain Crucial-branded products,



**C.    Other Relevant Witnesses and Sources of Proof Counsel Denying Transfer**

There are at least three additional categories of witnesses and/or sources of proof that should be considered, each of which weigh against transfer to Idaho.

### *1.    Inventor and Prosecuting Attorney*

Third party Manuel d'Abreu is one of two co-inventors of the '838 patent. Mr. d'Abreu is willing to attend trial in Texas, if called, but is not willing to attend trial in Idaho or anywhere else. Ex. 8 (Abreu Decl.); *see also* ECF 41-4 ('838 patent listing inventors). As Defendants' Motion concedes, inventors possess significant relevant information and can testify to "the problems that existed at the time the invention was made and the inventor's solution to these problems." *See* ECF 41 at 9 (citing *Voice Techs. Group v. VNC Sys., Inc.*, 164 F.3d 605, 615 (Fed. Cir. 1999)).

The prosecuting attorney for the '838 patent is also located in Austin. As indicated on the cover of the patent, the '838 patent was prosecuted by the Toler Law Group PC. *See* ECF 41-4 ('838 patent). Jeffrey G. Toler of the Toler Law Group prosecuted the patent and is located in Austin. *See* Ex. 9 (excerpt from '838 FWH signed by Mr. Toler); Ex. 10 (Mr. Toler's LinkedIn).

Though Defendants have not alleged any inequitable conduct, Mr. Toler's presence and files in Austin should be considered. "The Federal Circuit has indicated that district courts commit error in their transfer analysis when they '"categorically giv[e] no w[e]ight to [parties'] patent prosecution witnesses."'" *iCharts LLC v. Tableau Software, LLC*, No. 1:23-CV-1225-DII, 2024 U.S. Dist. LEXIS 90737, at *27 (W.D. Tex. May 21, 2024) (citing *In re Netflix, Inc.*, No. 2022-110, 2022 U.S. App. LEXIS 1390, 2022 WL 167470, at *4 (Fed. Cir. Jan. 19, 2022); *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)).

### 2. *Prior Art[1] Custodians*

Defendants served preliminary invalidity contentions for each of the asserted patents. *See* Ex. 16 (6/11/25 PICs for '962, '051, and '314 patents) and Ex. 17 (7/3/25 PICs for '838 and '974 patents). For each asserted patent, Defendants identified several "primary references" which it contends "anticipate the asserted claims." *See* Exs. 16 at 10-11, 57, 86; *and* Ex. 17 at 9, 35. Across the asserted patents, Defendants identified 47 third-party prior art references. DeZern Decl., ¶19(a). Of these references, 40 have custodians with offices within the subpoena power of the Court and 22 have custodians with offices in the District. DeZern Decl., ¶19(a)(i). Only 2 of the references have custodians with offices within the subpoena power of the District of Idaho. DeZern Decl., ¶19(a)(ii). And the custodians for those 2 references are also within the subpoena power of this Court. *Id*.

The custodians of prior art references likely have information relevant to the validity of the asserted patents. Indeed, Defendants contend that each of these primary references is

---

[1] Palisade's use of the term "Prior Art" is not an admission that any reference qualifies as prior art under 35 U.S.C. § 102 or § 103. Instead, the term is used to describe references that Defendants have identified as prior art in their Invalidity Contentions.

anticipatory. Moreover, such custodians are likely to have additional information concerning prior art systems. Accordingly, the location of these custodians is relevant to the convenience analysis, particularly for the "prior art systems" references asserted by Defendants. *See* Ex. 16 at 8-9, 56, 85; Ex. 17 at 8, 34.

### 3. Defendants' Customers and Partners

Defendants' customers for the accused products have relevant information. For example, Palisade's inducement claims identify these customers as direct infringers. ECF 20 at ¶¶42, 56, 75, 91, 103. As noted above, Defendants' cherry-picked declarants did not have any knowledge of who its customers are or how such customers use the accused products. ████████████ ██████████████████████████████████████████████

In response to Palisade's venue discovery requests, Defendants refused to identify any customers. Specifically, Palisade served a request for production, interrogatory, and 30(b)(6) topic seeking identification of Defendants' customers all of which Defendants refused to substantively address. *See* Ex. 5 (Defendants' 1st Suppl. Resp. to Venue RFPs) at 20-21; Ex. 6 (Defendants' 1st Suppl. Resp. to Venue Interrogatories) at 16-17; Ex. 7 (Defendants' 1st Suppl. Resp. to 30(b)(6) notice) at 15-16. Defendants had the burden to show the District of Idaho was clearly more convenient than this District. Defendants' refusal to provide relevant information regarding its customers in Texas underscores that they could not carry their burden and are instead trying to withhold facts.

Defendants' website does however identify entities involved in its "trusted partners and partners programs" through which Defendants claim to be "building ecosystems to co-develop better solutions for our customers." Ex. 13 (Defendants' Partners website). On its "Chipset and Logic Partners" page, Defendants identify 16 distinct partners, 10 of which have an office in Texas and none with an office in Idaho. *See* Ex. 14 (Defendants' Chipset and Logic Partners

website) at 2-6; DeZern Decl. ¶16(a). On their "Storage Ecosystem Partners" page, Defendants

identify an additional 6 entities, not listed on the Chipset and Logic Partners page, 2 of which

have a Texas office and none have an Idaho office. *See* Ex. 15 (Defendants' Storage Ecosystem

Partners website) at 2-5; DeZern Decl. ¶17(a). These partners who work with Defendants to

develop better solutions for its customers likely have witnesses and documents relevant to

Palisade's inducement claims and damages. Due to their Texas offices, these partners are within

the subpoena power of this Court and relevant to the convenience analysis.

### III.    LEGAL STANDARDS

A party who seeks transfer under § 1404 meets a high standard. *See Webroot, Inc. v.*

*Sophos Ltd.*, No. W-22-CV-00243-ADA-DTG, 2024 U.S. Dist. LEXIS 236623, at *25-27 (W.D.

Tex. Feb. 15, 2024). A party "must show good cause." *In re Volkswagen of Am.*, 545 F.3d 304,

315 (5th Cir. 2008) (en banc) [hereinafter *Volkswagen II*] (quoting *Humble Oil & Refin. Co. v.*

*Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). The burden is not simply that the

alternative venue is more convenient, but that it is "clearly more convenient." *Id*. The change of

venue statute provides the court authority to "transfer any civil action to any other district or

division where it might have been brought" for "the convenience of parties and witnesses" and

"in the interest of justice." 28 U.S.C. § 1404(a). But "when the transferee venue is not clearly

more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be

respected." *Id*. While "clearly more convenient" is not the same as the "clear and convincing"

standard, the moving party must still show "more than a mere preponderance of

convenience." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-CV-00118-JRG, 2019 U.S. Dist.

LEXIS 206019, at *15 (E.D. Tex. Nov. 27, 2019). Trial courts have even greater discretion in

deciding whether to grant intra-district transfers than they do in the case of inter-district

transfers. *See WSOU Invs. LLC v. Microsoft Corp.*, No. W-20-CV-00457-ADA, 2022 U.S. Dist. LEXIS 103057, at *10 (W.D. Tex. June 9, 2022); *PaSafeShare LLC v. Microsoft Corp.*, No. 6-20-CV-00397-ADA, 2021 U.S. Dist. LEXIS 67386, at *5 (W.D. Tex. Apr. 7, 2021).

When deciding a section 1404 motion to transfer, the Court "must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party." *paSafeShare*, 2021 U.S. Dist. LEXIS 67386, at *4 (citation omitted). "The burden to prove that a case should be transferred for convenience falls squarely on the moving party." *EcoFactor*, 2021 U.S. Dist. LEXIS 74186, at *3. "It is the movant's burden—and the movant's alone—to adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (internal quotations omitted).

## IV.     ARGUMENT

### A.     Defendants Have Not Shown that Palisade Could Have Brought this Case in the District of Idaho Against All Defendants

The first inquiry when analyzing eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Only if this statutory requirement is met should the Court determine whether convenience warrants transfer of the case. *See id.*; *Volkswagen II*, 545 F.3d at 312.

To determine whether this case "might have been brought" in the District of Idaho, "the Court must find either that each Defendant (1) resides in that District or (2) has 'committed acts of infringement and has a regular and established place of business.'" *Iarnach Techs. Ltd. v. Charter Commc'ns Inc.*, No. 2:24-CV-00230-JRG, 2025 U.S. Dist. LEXIS 26791, at *5 (E.D. Tex. Feb. 14, 2025) (citing 28 U.S.C. § 1400(b)). But Defendants have not shown that the case against Micron Technology might have been brought in Idaho.

Defendants admit that Micron Technology is a Delaware corporation. ECF 41 at 4. Thus, for the purposes of 28 U.S.C. § 1400(b), Micron Technology only resides in Delaware. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 259 (2017). Not only do Defendants fail to state that ███████████████████████ is Micron Technology's place of business, they fail to state that the alleged acts of infringement occurred in Idaho. This alone dooms Defendants' Motion. *Iarnach Techs.*, 2025 U.S. Dist. LEXIS 26791, at *7; *Mullen Indus. LLC v. Samsung Elecs. Co.*, No. 2:24-cv-00049-JRG, 2025 U.S. Dist. LEXIS 54644, at *8 (E.D. Tex. Mar. 25, 2025); *Monterey Rsch., LLC v. Renesas Elecs. Corp.*, No. 2:24-CV-00238-JRG, 2025 U.S. Dist. LEXIS 135114, at *7 (E.D. Tex. July 15, 2025). ████████████████ ██████████████████████████████████████████████████████ is insufficient because Defendants "do not attribute any alleged acts of infringement to a particular Defendant." *Iarnach Techs.*, 2025 U.S. Dist. LEXIS 26791, at *7 (finding allegations that "the accused technology is designed, developed, and maintained" to be insufficient).

Because Defendants failed to carry their burden on the threshold issue to show that this case could have been brought in the District of Idaho, the Court need not even consider the private and public interest factors. Nonetheless, as demonstrated below, the factors favor denying transfer.

**B.    The Transfer Factors Do Not Favor Transfer to Idaho**

> ***1.    The cost of attendance for willing witnesses weighs against transfer***

"The convenience for willing witness factor is the most important factor in the transfer analysis." *Webroot, Inc. v. Sophos Ltd.*, No. W-22-CV-00243-ADA-DTG, 2024 U.S. Dist. LEXIS 236623, at *34 (W.D. Tex. Feb. 15, 2024) (citations omitted). While this factor considers the cost for *all* witnesses, "the cost impact on non-party witnesses is of high priority." *Mimedx*

*Grp., Inc. v. Tex. Human Biologics, Ltd.*, No. 1:14-CV-464-LY, 2014 U.S. Dist. LEXIS 191022, at \*5-6 (W.D. Tex. Aug. 11, 2014) (emphasis in original).

Defendants identified five employees in Idaho that they contend are likely witnesses. Notwithstanding the fact that Defendants are unlikely to bring five fact witnesses to trial, Defendants overstate the significance of these witnesses. ███████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

The convenience of Defendants' cherry-picked declarants is counter-balanced by their employees with relevant knowledge for whom this District is decidedly more convenient. ████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████

12

████████████████████ Such activities are relevant to issues of inducement and damages. On balance, even for Defendants' employees, this District is more convenient than Idaho for more witnesses with relevant knowledge.

Defendants make no attempt to show that any third party witnesses are *willing* witnesses. *See* ECF 41 at 9-10. Defendants' arguments about the cost of attendance for witnesses that have not indicated a willingness to attend trial should be afforded no weight under this factor. Here, the only third party that has indicated a willingness to attend trial is Manuel d'Abreu, inventor of the '838 patent. Because Mr. d'Abreu is willing to attend trial in this District, but not in Idaho, it follows that this District is more convenient for him. Ex. 8 (Abreu Decl.).

Taken together, the cost of attendance for both party and non-party witnesses weighs against transfer out of this district.

### 2. *The ease of access to sources of proof does not favor transfer*

The location of evidence bears less strongly on the transfer analysis when the evidence is electronic and therefore equally accessible in either forum. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). Defendants have not identified any physical documents, ███████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

Defendants admit that they "ha[ve] an Austin facility with some relevant documents and custodians." ECF 41 at 15. ███████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████. Defendants have not shown that this factor favors transfer.

### 3.    *The availability of compulsory process weighs against transfer*

"[T]he availability of compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify.'" *In re Planned Parenthood*, 52 F.4th at 630-31 (5th Cir. 2022) (citations omitted). ███████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████

Further, the availability of compulsory process over a single former employee is far outweighed by the availability of compulsory process over the dozens of third parties with knowledge of relevant prior art and acts of infringement. As detailed above, this District provides compulsory process against more than twenty unique prior art custodians identified in Defendants' invalidity contentions and Defendants' customers and partners. *See supra* Section II.C.3-2; DeZern Decl., ¶19(a)(i)(2). While it is not known if any of the customer/partners or prior art custodians would be unwilling, these unaffiliated third parties would be more likely to be unwilling witnesses than a long-standing former employee. ██████████████████████

████████████████████ As such, this factor weighs against transfer.

### 4.    *Local interest in having localized interests decided at home does not favor transfer*

Contrary to Defendants' claim, this District has at a minimum an equal local interest to Idaho. Defendants do not contend that the alleged acts of infringement occurred in Idaho. Instead, Defendants merely state that "Boise has significant connections to the alleged acts of

infringement." ECF 41 at 12. Defendants' contention ignores the fact that alleged acts of infringement ████████████████████████ occurred in this District. It is axiomatic that the District where the alleged acts of infringement occurred necessarily has at least as great a local interest as a district that is merely connected to it.

████████████████████████████████████████████

████████████████████ the local interest in this district is substantially the same as in Idaho. On balance, this factor should be considered neutral. *See Sonrai Memory Ltd.. v. Micron Tech., Inc.*, No. W-22-CV-00855-ADA, 2023 U.S. Dist. LEXIS 231344, at *36 (W.D. Tex. Nov. 14, 2023) (finding local interest factor neutral between Idaho and W.D. Tex. for Micron).

**C.     Defendants Have Not Shown the Austin Division Is Clearly More Convenient**

Defendants failed to carry their heavy burden to show that the District of Idaho is clearly more convenient than the Western District of Texas. Moreover, the arguments set forth in Defendants' Motion are insufficient to show that the Austin Division is clearly more convenient than the Midland-Odessa Division. Nonetheless, if the Court is inclined to grant intra-district transfer, Palisade respectfully requests that it do so in a manner that does not disrupt the case schedule.

## V.     CONCLUSION

For at least the foregoing reasons, Defendants' Motion should be denied.

Dated: July 24, 2025

Respectfully submitted,

*/s/ Patrick J. Conroy*
**Patrick J. Conroy**
Texas Bar No. 24012448
**T. William Kennedy Jr.**
Texas Bar No. 24055771
**Ryan P. Griffin**
Texas Bar No. 24053687
**Jonathan H. Rastegar**
Texas Bar No. 24064043
**David T. DeZern**
Texas Bar No. 24059677
**Nelson Bumgardner Conroy PC**
2727 N. Harwood St., Suite 250
Dallas, TX 75201
Tel: (214) 446-4950
pat@nelbum.com
bill@nelbum.com
ryan@nelbum.com
jon@nelbum.com
david@nelbum.com

**Mark D. Siegmund**
Texas Bar No. 24117055
**William D. Ellerman**
Texas Bar No. 24007151
**CHERRY JOHNSON SIEGMUND
JAMES PLLC**
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, Texas 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
msiegmund@cjsjlaw.com
wellerman@cjsjlaw.com

**Attorneys for Plaintiff
Palisade Technologies, LLP**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are

being served with a copy of this document via email on July 24, 2025.

*/s/ Patrick J. Conroy*

16