**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| PALISADE TECHNOLOGIES, LLP,<br><br>*Plaintiff*,<br><br>v.<br><br>MICRON TECHNOLOGY, INC. and MICRON SEMICONDUCTOR PRODUCTS, INC.,<br><br>*Defendants*. | Case No. 7:24-cv-00262-DC-DTG<br><br>**Jury Trial Demanded** |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR TRANSFER
TO THE DISTRICT OF IDAHO OR, IN THE ALTERNATIVE,
THE AUSTIN DIVISION**

**TABLE OF CONTENTS**

I. Venue Is Proper In Idaho ................................................................................................. 1
II. Idaho Is More Convenient For The Majority Of Relevant Witnesses ........................... 2
   A. Palisade improperly discounts the knowledge and relevance of Micron's Idaho-based witnesses. ................................................................................................................... 2
   B. Palisade focuses on irrelevant or out-of-district employees. ........................................ 3
   C. Palisade's reliance on third-party witnesses is speculative. ......................................... 3
III. Idaho Is Clearly More Convenient To Sources Of Proof ............................................... 5
IV. In The Alternative, Austin Is Clearly More Convenient Than Midland-Odessa ........... 5
V. Conclusion ....................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Collaborative Agreements, LLC v. Adobe Sys. Inc.*,
  No. 1:14-cv-00356-LY, 2015 WL 10818739 (W.D. Tex. Aug. 21, 2015) .................................. 3

*Def. Distributed v. Bruck*,
  30 F.4th 414 (5th Cir. 2022) ..................................................................................................... 5

*GreatGigz Sols., LLC v. ZipRecruiter, Inc.*,
  No. 6:21-cv-00172-ADA, 2022 WL 432558 (W.D. Tex. Feb. 11, 2022) ............................... 1

*Guzman v. Allstate Assurance Co.*,
  18 F.4th 157 (5th Cir. 2021) ..................................................................................................... 4

*In re Cray*,
  871 F.3d 1355 (Fed. Cir. 2017) ................................................................................................ 1

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ................................................................................................ 2

*In re Hulu, LLC*,
  No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ..................................................... 5

*WAG Acquisition, LLC v. Amazon.com, Inc.*,
  No. 6:21-cv-00815-ADA, 2022 WL 9544373 (W.D. Tex. Oct. 14, 2022) .............................. 4

This case belongs in Idaho. Micron is headquartered in Boise, Idaho, with most of its research and development of the accused features occurring there. Micron employees who developed the accused features, and who have access to key evidence, are in the Boise area. This makes Idaho clearly more convenient for the vast majority of relevant witnesses. In contrast, neither party has any ties to the Midland-Odessa Division. Witness convenience and access to sources of proof easily favor transfer.

## I.     Venue Is Proper In Idaho

Oddly, Plaintiff Palisade Technologies LLP's ("Palisade's") attack on venue rests almost entirely on Micron Technology Inc.'s state of incorporation and Micron's statement that Boise, Idaho is its headquarters. A patent infringement suit may be brought "where the defendant has committed acts of infringement and has a regular and established place of business." 35 U.S.C. § 1400(b). "Proper venue under the second prong of § 1400(b) requires: (1) a physical place in the district; (2) that the physical place be a regular and established place of business; and (3) that the physical place be the defendant's place." *GreatGigz Sols., LLC v. ZipRecruiter, Inc.*, No. 6:21-cv-00172-ADA, 2022 WL 432558, at *2 (W.D. Tex. Feb. 11, 2022) (citing *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017)). As Micron described in its Motion, Micron has a regular and established place of business in Idaho—its corporate headquarters founded in 1978, now located at 8000 South Federal Way, Boise, Idaho. Dkt. No. 41 at 1; Dkt. No. 41-3 ¶ 4. Micron employs over 5,000 employees at its headquarters. Dkt. No. 41-3 ¶ 4. The evidence plainly shows that the accused products are designed, developed, and implemented in Idaho, *see* Dkt. No. 41 at 5-7; Dkt. No. 54-4 (Tr. 22:21-23:12, 48:6-24, 79:3-9); Dkt. No. 54-5 (Tr. 14:6-15:25, 20:1-21:3, 35:6-10); Dkt. No. 54-6 (Tr. 50:15-51:2); Dkt. No. 54-7 (Tr. 17:17-21), which squarely addresses how the accused products are made and used, *see* 35 U.S.C. § 271(a). Moreover, "pilot line" fabrication happens in

1

Boise, producing units of allegedly infringing product *in Boise* before high-volume manufacturing in Asia. Dkt. No. 54-4 (Tr. 27:21-30:24, 34:14-12). Micron has therefore clearly established this suit could have been brought in Idaho.

## II. Idaho Is More Convenient For The Majority Of Relevant Witnesses

### A. Palisade improperly discounts the knowledge and relevance of Micron's Idaho-based witnesses.

The Court should reject Palisade's attempts to discount the knowledge and relevance of the five named Micron employees. Micron identified these Idaho-based employees because among thousands of employees, they are knowledgeable about the accused features of each patent and the state of the art—key issues in all patent litigations.

The criticism of the witnesses' knowledge is unwarranted because the witnesses are fully knowledgeable about the design and development of the allegedly infringing functionality (the most relevant information in a patent case) and why they do not practice the asserted patents—the 3D NAND processes ('974 and '314 patents), 3D NAND configuration ('838 patent), voltage regulator circuit within a DRAM module ('962 patent), and portable memory with USB and I/O ports ('051 patent). That they do not have certain knowledge about high-volume manufacturing, marketing, sales, finances, or importation of the accused products does not make them less relevant. The Federal Circuit has ruled it is unnecessary for "a defendant to show that the potential witness has more than relevant and material information at this point in the litigation." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009).

Palisade misunderstands the extent to which 3D NAND manufacturing occurs in Idaho. Although high-volume manufacturing occurs in Singapore, the Idaho-based team performs "pilot line" fabrication until achieving a certain "yield," after which the Singapore team manufactures "thousands and thousand[s] of wafers." Dkt. No. 54-4 (Tr. 27:21-30:24, 34:14-12). Even after this

2

"transfer" to the manufacturing team in Singapore, the Idaho-based team continues to collaborate if the process is changed during manufacturing. *Id.* (Tr. 30:7-24).

**B.      Palisade focuses on irrelevant or out-of-district employees.**

Palisade points to a few Texas-based employees who do one type of post-launch testing of some of the accused SSD and DRAM products. Dkt. No. 54-2 at 12. First, the Richardson-based employees are out-of-district and would still have to travel over 300 miles to the Midland courthouse. *See Collaborative Agreements, LLC v. Adobe Sys. Inc.*, No. 1:14-cv-00356-LY, 2015 WL 10818739, at *4 (W.D. Tex. Aug. 21, 2015).

Second, Palisade overstates the relevance of the Austin-based employees. For Micron's DRAM and NAND products, the Austin-based testers are not relevant to how the accused technology is designed or developed—rather they perform benchmark testing of some accused products. Dkt. No. 41-4 ¶ 14; Dkt. No. 54-9 at 8. For the Crucial products, although the PLMs may have decided whether to include a USB Type-C connector, Micron does not "dictate or perform" the pins' routing. Dkt. No. 54-7 (Tr. 41:18-42:1). Rather, third-party Quanta Storage (in Taiwan) decides and implements the "pinout design" or "connecting interface to a cable or host system," i.e., the subject matter of the '051 patent. *Id.* (Tr. 40:9-42:1). Micron's Austin employees therefore are not relevant to the accused features that involve the routing of pins and the connector.

**C.      Palisade's reliance on third-party witnesses is speculative.**

Palisade asserts that certain third-party witnesses weigh against transfer. But these witnesses are either out-of-district, or their relevance and the likelihood of being called to testify at trial are entirely speculative.

First, with no alleged inequitable conduct, a prosecuting attorney is unlikely to be called to trial, and therefore his location should not be afforded any weight. Second, none of the alleged inventors of the asserted patents appear to reside in Texas, and indeed, Boise is closer in proximity

3

for most. *See* Dkt. No. 41 at 9-10.  does not explain why he would rather travel *over a thousand miles* to Texas but nowhere else, including the nearest federal courthouse in ▓▓▓▓, which is only ▓▓ miles away. Ex. 1. Given the conclusory nature of ▓▓ ▓▓ declaration, the Court should give it no weight. *See Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021) ("Self-serving affidavits and declarations ... must be made on personal knowledge, set out facts that would be admissible in evidence … [a]nd these facts must be particularized, not vague or conclusory." (quotations and citations omitted)).

Third, Palisade then relies on forty Texas-based (twenty-two in-district) prior art "custodians" (assignees) to suggest that all these third parties will be called to trial to testify to the asserted patents' validity.[1] Dkt. No. 54-2 at 7-8. Micron disclosed over eighty prior art references—the likelihood of calling any of the prior art custodians at trial is low, let alone *forty*. *See WAG Acquisition, LLC v. Amazon.com, Inc.*, No. 6:21-cv-00815-ADA, 2022 WL 9544373, at *5 (W.D. Tex. Oct. 14, 2022). Experts or inventors of the prior art—not custodians—typically address validity. Moreover, to the extent custodians are relevant for service of a subpoena, any federal court may issue the subpoena, irrespective of the forum. F.R.C.P. 45(a)(2).

Next, Palisade lists Micron's partners and customers with Texas offices as "likely" relevant

---

[1] Palisade incorrectly attributes seventeen of forty assignees to Texas. Leon Decl. ¶¶ 3-9. For example, it conflates non-U.S. assignees of several prior art references to different corporate entities with Texas offices. *See id.,*; Dkt. No. 54-3 ¶ 19.

4

to its inducement claims.[2] Dkt. No. 54-2 at 8-9. But Palisade's sole basis for including these partners is they "work with Defendant to develop better solutions for its customers." *Id.* at 9. This assertion is untethered to any accused feature of Micron's products and is speculative.

Finally, a "showing of unwillingness for each witness" is not necessary to find a factor favors transfer. *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *4 (Fed. Cir. Aug. 2, 2021).

### III.  Idaho Is Clearly More Convenient To Sources Of Proof

Although relevant evidence is mostly digital, only authorized Micron employees can access the relevant schematics, process recipes, and design files, as confirmed in depositions. *See* Dkt. No. 54-4 (Tr. 57:16-58:22); Dkt. No. 54-6 (Tr. 24:15-25:13). No employees in Austin can access DRAM or NAND technology development and design files. Dkt. No. 54-6 (Tr. 49:12-50:11); Leon Decl. ¶ 5. Because no Austin employees can access the relevant files, the sources-of-proof factor favors transfer to Idaho, where many employees *are* authorized to work on these files. *See Def. Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022) ("The first private interest factor [asks] which forum provides easier access to sources of proof.").

### IV.  In The Alternative, Austin Is Clearly More Convenient Than Midland-Odessa

Micron does not dispute that it has an Austin site with a few dozen employees. But neither party has any ties to the Midland-Odessa Division. For the reasons explained in the Motion, the Austin Division is a clearly more convenient venue than the Midland-Odessa Division.

### V.  Conclusion

Idaho is clearly more convenient than the Western District of Texas because four factors favor Idaho, and the remaining four factors are neutral. Micron respectfully requests that the Court transfer this suit to Idaho, or in the alternative, the Austin Division.

---

[2] Contrary to Palisade's characterization, Micron produced a sales list of customers with Texas shipping addresses. Dkt. No. 54-8 at 23.

5

Dated: July 31, 2025

Respectfully submitted,

/s/ *John Kappos*

**O'MELVENY & MYERS LLP**
John Kappos (TX #24130097)
jkappos@omm.com
Timothy S. Durst (TX #00786924)
tdurst@omm.com
Corey Stewart (TX #24143438)
cstewart@omm.com
2501 North Harwood Street, Suite 1600
Dallas, TX 75201
Telephone: (972) 360-1900
Facsimile: (972) 360-1901

Xin-Yi Zhou (TX #24127916)
vzhou@omm.com
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Brad Berg (admitted *pro hac vice*)
bmberg@omm.com
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

Khanh Leon (TX #24120972)
kleon@omm.com
Patric Reinbold (admitted *pro hac vice*)
preinbold@omm.com
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

**SLAYDEN GRUBERT BEARD PLLC**
Darryl J. Adams (TX #00796101)
dadams@sgbfirm.com
401 Congress Avenue, Suite 1650
Austin, Texas 78701
Telephone: (512) 402-3562
Facsimile: (512) 402-6865

***Attorneys for Defendants Micron Technology, Inc. and Micron Semiconductor Products, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 31, 2025. Any other counsel of record will be served by facsimile transmission, e-mail and/or first class mail.

<em>/s/ John Kappos</em>